UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SWEETWATER ESTATES, LTD.,

                                       Case No.: 2:16-cv-01578
                                        (SJF) (SIL)

                Plaintiff,

  - against -                                        **DECLARATION**

ANGIE M. CARPENTER, Supervisor of the Town
of Islip, STEVEN J. FLOTTERON, TRISH BERGIN
WEICHBRODT, JOHN C. COCHRANE Jr.,
ANTHONY S. SENFT, Jr, OLGA MURRAY and
ALEXIS WEIK, constituting the Town Board of the
Town of Islip, and the TOWN BOARD OF THE
TOWN OF ISLIP, and JOHN SCHETTINO, Chairman,
KEVIN BROWN, Vice-Chairman, DONALD J.
FIORE, JOSEPH DeVINCENT, ANTHONY
MUSUMECI, DANIEL DeLUCA, MICHAEL
KENNEDY and VINCENT PULEO, constituting the
PLANNING BOARD OF THE TOWN OF ISLIP, and
the PLANNING BOARD OF THE TOWN OF ISLIP,
the TOWN OF ISLIP DEPARTMENT OF
ENVIRONMENTAL CONTROL, THE TOWN OF
ISLIP DEPARTMENT OF PLANNING AND
DEVELOPMENT and JOSEPH MONTUORI,
and BRETT ROBINSON, THOMAS DATRE SR.,
THOMAS DATRE, JR. CLARA DATRE, DFF FARM
CORP., DAYTREE CONSTRUCTION CO., INC.,
DAYTREE CUSTOM BUILDERS, INC., DAYTREE
AT CORTLAND SQUARE, INC., IEV TRUCKING
CORP., DINO PONTE Individually and d/b/a D & A
SITE CLEARING, INC.,
                        Defendants.
----------------------------------------------------------------------X

      **AMANDA ROSE DISKEN**, an attorney duly admitted to practice law before the Courts

of the State of New York and specifically the United States District Court for the Eastern District

of New York, alleges the following under penalty of perjury:

1

1. I am an Associate at the law firm, Campanelli & Associates, P.C., attorneys for the Defendants Thomas Datre Sr., Clara Datre, Daytree Construction Co., Inc., Daytree Custom Builders, Inc., and Daytree at Cortland Square, Inc. As such, I am fully familiar with the proceedings described herein.

2. I respectfully submit this declaration in support of Defendants Thomas Datre Sr., Clara Datre, Daytree Construction Co., Inc., Daytree Custom Builders, Inc., and Daytree at Cortland Square, Inc.'s (hereinafter the "Moving Defendants") motion for an Order pursuant to Fed. R. Civ. P. 11 sanctioning Plaintiff and its former attorneys, Fredrick P. Stern, PC, for filing and maintaining this frivolous action against the moving Defendants without any evidentiary support, including, but not limited to, after permitting the moving Defendants to submit time, cost and expense records for the Court's review, directing Plaintiff and its former attorneys, Fredrick P. Stern, PC, to compensate moving Defendants for their reasonable attorneys' fees, costs, and expenses incurred in connection with this matter and/or for such other and further relief as the Court deems just and proper.

3. As a preliminary matter, the Moving Defendants previously made the instant application as a Cross-Motion to Richard I. Scheyer, Esq. and Fredrick P. Stern, PC's Motion to Withdraw as Attorney for Plaintiff [DE # 78], but were directed at the hearing on April 6, 2017 by Magistrate Judge Steven I. Locke to file this Motion before the Honorable Sandra J. Feuerstein. A copy of our Cross-Motion [DE # 84] is annexed hereto as **Exhibit "A."** The same arguments set forth in the Cross-Motion are essentially repeated herein.

4. The nature of this Motion is simple. It has long been our opinion that this entire case was brought against the Moving Defendants after Plaintiff and its now former counsel read

2

articles in *Newsday* about the Datre family and nothing more. After the status conference on January 13, 2017, the undersigned served Plaintiff's then attorney, Fredrick P. Stern, Esq., in-hand with a Rule 11 letter which went completely ignored. A copy of this letter was also mailed to Mr. Stern's office by Certified Mail (Return Receipt Requested) and was signed for by his office on January 19, 2017. Accordingly, we respectfully submit that Plaintiff's twenty-one (21) day safe harbor period provided by Fed. R. Civ. P. 11(c)(2) has long expired. Out of respect for counsel, a copy of this letter is not annexed hereto but can be provided to the Court upon request.

5. To date, Plaintiff has failed to produce a single document, photo, or video to support any of its frivolous allegations against these Moving Defendants and Plaintiff's former counsel, Fredrick P. Stern, PC, who was recently relieved as counsel from this case [DE #87], represented that Plaintiff's sole shareholder, Lana Esterman, has absolutely no personal knowledge of any of the facts which purportedly give rise to its claims. The Court is also respectfully referred to **Exhibit "B,"** annexed hereto, which is an affidavit of Thomas Datre Sr. which was submitted in support of the Moving Defendants' unopposed Motion for Summary Judgment [DE #88], but nevertheless attests to the points set forth herein from an individual with personal knowledge.

6. Without question, Plaintiff and its former counsel have violated Fed. R. Civ. P. 11(b), because the factual contentions asserted against the Moving Defendants have no evidentiary support and this has long been called to Plaintiff's counsel's attention. Specifically, this Rule states:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

3

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)

7. As addressed more fully in the Moving Defendants' Motion for Summary Judgment [DE #88] discussed *supra*, Plaintiff's entire case concerns purported illegal dumping on its property apparently located at 367 Lincoln Boulevard, Hauppauge, New York. It names the Moving Defendants and maintains six (6) causes of action against them, specifically under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section 9659 ("CERCLA"), the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq.*, private nuisance, "restitution and unjust enrichment," negligence, and most bizarre of all, Prima Facie Tort, all without a shred of evidence that Moving Defendants were ever there.

8. As addressed at length in the affidavit of Thomas Datre Sr., the Moving Defendants have never been to the property at issue in this case. In fact Mr. Datre did not even know where this property was. *See* Exhibit "B" at ¶ 5.

4

9. Also considering the fact that discovery is closed, the conduct in this case is clearly a violation of at least Fed. R. Civ. P. 11(b)(3). As mentioned above, this Motion is simple. Plaintiff and its former counsel commenced and continue to maintain an action against the Moving Defendants based entirely upon what they read in the news, which had nothing to do with the property at issue herein, and have forced the Moving Defendants to incur attorneys' fees, costs, and expenses to defend themselves. This, in our opinion, is exactly what this rule is designed to protect against and Plaintiff and its former counsel should be sanctioned accordingly.

10. As mentioned *supra*, submitted herewith are the following Exhibits:

Exhibit "A"  Letter submitted in Opposition to Motion to Withdraw and in Support of Cross-Motion for Rule 11 Sanctions [DE # 84] (without the exhibit, because the exhibit is separately annexed hereto as Exhibit "B.")

Exhibit "B"  Supporting Affidavit of Defendant Thomas Datre Sr. in Support of the Moving Defendants' Motion for Summary Judgment [DE # 90]

11. Based upon the forgoing and the exhibits submitted herewith, it is respectfully submitted that the Court must grant Defendants Thomas Datre Sr., Clara Datre, Daytree Construction Co., Inc., Daytree Custom Builders, Inc., and Daytree at Cortland Square, Inc.'s Motion for an Order pursuant to Fed. R. Civ. P. 11 sanctioning Plaintiff and its former attorneys, Fredrick P. Stern, PC, for filing and maintaining this frivolous action against the moving Defendants without any evidentiary support, including, but not limited to, after permitting the moving Defendants to submit time, cost and expense records for the Court's review, directing Plaintiff and its former attorneys, Fredrick P. Stern, PC, to compensate moving Defendants for their reasonable attorneys' fees, costs, and expenses incurred in connection with this matter and/or

for such other and further relief as the Court deems just and proper.

Dated: Merrick, New York
April 17, 2017

                                                _S/Amanda R. Disken_
                                                AMANDA R. DISKEN