UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SWEETWATER ESTATES, LTD.,

                              Plaintiff,

     -against-

ANGIE M. CARPENTER, Supervisor of the Town
of Islip, STEVEN J. FLOTTERON, TRISH BERGIN
WEICHBRODT, JOHN C. COCHRANE Jr., ANTHONY
S. SENFT, Jr, OLGA MURRAY and ALEXIS WEIK,
constituting the Town Board of the Town of Islip, and the
TOWN BOARD OF THE TOWN OF ISLIP, and JOHN
SCHETTINO, Chairman, KEVIN BROWN, Vice-Chairman,
DONALD J. FIORE, JOSEPH DeVINCENT,
ANTHONY MUSUMECI, DANIEL DeLUCA,
MICHAEL KENNEDY and VINCENT PULEO,
constituting the PLANNING BOARD OF THE
TOWN OF ISLIP, and the PLANNING BOARD
OF THE TOWN OF ISLIP, the TOWN OF ISLIP
DEPARTMENT OF ENVIRONMENTAL CONTROL,
THE TOWN OF ISLIP DEPARTMENT OF PLANNING
AND DEVELOPMENT and JOSEPH MONTUORI,
and BRETT ROBINSON, THOMAS DATRE SR.,
THOMAS DATRE JR, CLARA
DATRE, DFF FARM CORP., DAYTREE
CONSTRUCTION CO., INC., DAYTREE
CUSTOM BUILDERS, INC., DAYTREE AT
CORTLAND SQUARE, INC., IEV TRUCKING CORP.,
DINO PONTE Individually and d/b/a
D & A SITE CLEARING, INC.,

Case No. 16-cv-1578-SJF-SIL

DECLARATION IN
OPPOSITION TO
MOTION FOR RULE
11 SANCTIONS

                              Defendants,
----------------------------------------------------------------x

     FREDRICK P. STERN, declares pursuant to 28 U.S.C. §1746 under penalty of perjury as follows:

     1. I am prior attorney for the Plaintiff in the above referenced action. I make this declaration in opposition to the motion by the Datre Defendants for sanctions, costs, fees and

1

attorneys fees pursuant to Fed. R. Civ. P. 11.

2. At the outset it should be noted that I no longer maintain files with regard to this matter as same were demanded by the Plaintiff and, for the reasons stated in the Affidavit submitted by me for "in camera" review to this Court, they were turned over prior to my having the opportunity to photocopy same or respond to this motion. (See Exhibit B annexed hereto).

3. In connection with my representation of the Plaintiff in these matters, I had numerous conversations with Joseph Sacco, the husband of Lana Esterman who is the sole shareholder of Plaintiff regarding the facts at issue. Mr. Sacco, upon information and belief, is both an officer and the de facto owner of the corporation and made all decisions regarding same[1]. Although I am acquainted with Lana Esterman, all of my dealings regarding this matter were with Mr. Sacco.

4. During these conversations with Mr. Sacco he advised me that sometime in the summer of 2013 several large 24 wheel dump trucks appeared on the subject property and dumped material of unknown origin. Mr. Sacco, who was just recovering from surgery, was advised by his tenants that representatives of the police and/or Town of Islip were present at the scene.

5. Upon arriving at the property Mr. Sacco spoke to several representatives of the Town of Islip, who provided their badges as identification, and directed the persons involved in the dumping to cease and desist. Mr. Sacco advised that the persons responsible for dumping at that

---

[1] I was retained by Mr. Sacco to incorporate the Plaintiff and was advised by him as to the ownership the corporate documents should reflect. Although I cannot disclose the contents of these discussion, ownership was put into the name of Lana Esterman at Mr. Sacco's request.

time were in a truck with the "IEV" logo and he has since provided video tapes of same[2]. Mr Sacco advised that the people perpetrating the dumping were allowed to leave and the Plaintiff was forced to incur approximately $50,000.00 to remove all of the debris pursuant to an agreement with the Town of Islip.

6. Several months later Mr. Sacco became aware that there was further dumping occurring at the site and that representatives of the Town of Islip, the Suffolk County Police and/or the Suffolk County District Attorney's Office were performing a "sting operation" wherein they had video cameras set up at the site over an approximately two week period to discover who was dumping at the real property.

7. Mr. Sacco advised that, at this time, members of the Suffolk County Police, the Environmental Protection Agency, the District Attorney's Office, by District Attorney Theodore Savino, were all present and were in contact with members of the Town of Islip by telephone. At that time it was discovered that the companies involved in the dumping were: Datre, IEV, Calabrese and D & A Corporation. Mr. Savino instructed the companies that were dumping to return to the real property and remove all of the dumped debris. A payloader was brought to the site and Mr. Savino remained until all of the visible debris was removed.

8. Based upon my conversations with Mr. Sacco, it was his belief that criminal charges were about to be commenced against the four companies involved. However, his calls to the Town and District Attorney's Office were ignored. Likewise, my calls to the District Attorney's Office were not returned.

---

[2] Videotapes of IEV trucks dumping at the real property were provided to Defendants during disclosure.

9. Prior to commencing the Article 78 proceeding, on July 10, 2014 Mr. Sacco requested copies of the videotapes from the "sting operation" pursuant to a Freedom of Information Law ("FOIL"). Said FOIL requested copies of "all video footage received by Islip Town, by Town Law Enforcement regarding illegal dumping on my land 355-367 Lincoln Blvd Hauppauge NY 11788 (IEV) (Calabrese)(Daytree)(D&A)". On July 14, 2014, Kerri Rastello of the Town of Islip denied the release of these records claiming that they were "Law Enforcement records" which could not be released pursuant to "Criminal Procedure Law 160.55, 170.30, 170.60 and 170.55"[3].

10. On July 15, 2014, in connection with the pending change of zoning application, Mr. Scheyer forwarded a letter to the Town of Islip summarizing the events set forth above including Mr. Sacco's claims. On September 4, 2014 Mr. Scheyer again forwarded a copy of this letter to the Town of Islip. On September 12, 2014 the Town of Islip issued a response, thereby confirming their receipt of same. (See All Letters collectively annexed hereto as Exhibit "A").

11. At some point it became evident that only by filing this action would the Town disclose the videotapes from the "sting operation". Given Mr. Sacco's assurances that he personally witnessed the dumping at the real property by various Datre compaies, IEV and D & A Site Clearing, and the concern that the applicable statute of limitation deadline was quickly approaching, it was determined that this action would include the named corporations for their actions, and the owners of said companies for vicarious liability.

12. Throughout my representation of Mr. Sacco he has remained steadfast that he personally witnessed representatives of the Datre companies dumping at the real property.

---

[3] The FOIL request and response were text to me by Mr. Sacco and I am unable to download same.

4

Interestingly, a subsequent FOIL request made to the Town of Islip by Mr. Sacco on January 31, 2017 for the same records that had been denied to him on September 12, 2014, received a response on February 10, 2017 by Lori J. Hahn that there were no videotapes in the possession of the Town.

10. In *Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 2012 U.S. App. LEXIS 12002, 82 Fed. R. Serv. 3d (Callaghan) 1031, 2012 WL 2124698 (2d Cir. N.Y. 2012) the Second Circuit held that "'an attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading. Fed. R. Civ. P. 11(b)(2) and (c). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement'…'With respect to legal contentions, '[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011) (quoting Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995))".

12. It is clear from the facts, as stated above, that this action is not frivolous and Rule 11 sanctions against myself and my firm are not warranted.

13. Here, the Datre defendants provide only a self-serving affidavit from Thomas Datre Sr. wherein he baldly asserts that neither he, his wife or his companies had engaged in illegal dumping on the Plaintiff's property. Moreover, there is no allegation by Mr. Datre that he is involved in the day to day operations of the company defendants so there is nothing to support his allegation that they had no involvement with either the Plaintiff or the real property.

14. In *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370 *, 2003 U.S. App. LEXIS 20611,

5

68 U.S.P.Q.2D (BNA) 1641 (2d Cir. N.Y. 2003) the Second Circuit vacated an award of sanctions because "the text of Rule 11 requires that a party's motion initiating the sanctions process "shall describe the specific conduct alleged to violate subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A). Alluding to the due process rights of any person potentially subject to any kind of sanctions, this Circuit has explained that: At a minimum, the notice requirement mandates that the subject of a [Rule 11] sanctions motion be informed of: . . . [inter alia] the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense. Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable."

15. Here, the letter notice allegedly provided by counsel for the Datre defendants contained a claim that as the "owner" of Sweetwater, I knew that the Datre defendants had no dealings with the real property[4]. However, I am not now, nor have I ever been, an owner of the Plaintiff nor do I have any knowledge of the real property or the Datre defendants involvement in it other than that which was recited to me by Mr. Sacco or which I have learned through the Plaintiff's representation in this matter. Inasmuch as this allegation by the Datre defendants was frivolous, the January 31, 2017 letter is deficient.

16. Plaintiff contends that this motion for sanctions is frivolous and should be denied in its' entirety.

Dated: May 1, 2017
      Islip, New York

s/Redacted for ECF

FREDRICK P. STERN, PC
By: Fredrick P. Stern, Esq. *(FS0882)*
*Former Attorneys for Plaintiff*

---

[4] I am no longer in possession of the January 31, 2017 letter relied upon by the Datre defendants and am paraphrasing the contents from memory.

110 Lake Avenue So., Suite 46
Nesconset, NY 11767
(631) 650-9260